MARY CASEY THORNE, Respondent, *v.* JOEL WOLFE THORNE, Appellant.

First Department, December 22, 1922.

Trial — stay of proceedings — action in Municipal Court of City of New York on bond given in divorce action in Supreme Court will not be stayed on motion in Supreme Court action.

An action in the Municipal Court of the City of New York by the defendant in a divorce action in the Supreme Court against the bondsman upon a bond given in the divorce action, will not be restrained on motion made in the Supreme Court action.

APPEAL by the defendant, Joel Wolfe Thorne, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of September, 1922, staying proceedings in an action brought by the defendant in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, against the United States Fidelity and Guaranty Company.

*Frederick L. C. Keating* of counsel, for the appellant.

*John J. Kirby* of counsel, for the respondent.

SMITH, J.:

This action was brought for a divorce. The defendant counterclaimed for divorce against the plaintiff. The action was tried, resulting in a judgment sustaining the defendant's counterclaim. The plaintiff, thereupon, made a motion for a new trial on newly-discovered evidence. Upon that motion a reference was had to a referee to take evidence and report. The reference was made upon condition that the plaintiff give a bond in the sum of $1,000 to pay the costs of the reference. Such bond was given. The referee reported against a new trial, and the report was sustained by the Special Term. The defendant then sued the bondsman upon the bond in the Municipal Court. This motion was made

in the divorce action in the Supreme Court to stay the action in the Municipal Court.

One action cannot be stayed by a motion in another action. The motion should have been made in the Municipal Court to stay the proceedings; or, possibly, in another action for injunction against the prosecution of that action a temporary injunction could be granted. But a mere order for a stay of an action cannot be made in another pending action. (*Indestructible Metal Products Co., Inc.,* v. *Summergrade,* 197 App. Div. 199.)

The order should be reversed, without costs, and the motion for a stay denied.

CLARKE, P. J., PAGE, GREENBAUM and FINCH, JJ., concur.

Order reversed and motion denied, without costs.