NATHAN TEPLITZKY, Defendants, and ISIDORE SUSKIND, Individually and as President of the LAUNDRY DRIVERS, CHAUFFEURS AND HELPERS UNION, LOCAL No. 810, an Unincorporated Voluntary Association Consisting of More Than Seven Members, and Others, Appellants.— Judgment modified by eliminating the provisions therein enjoining the defendant union "from calling, continuing or conducting of any strike of employees of plaintiff, and from assisting any employees of plaintiff having a contract of employment with plaintiff, to leave plaintiff's employ, or temporarily or permanently cease working for the plaintiff," and as thus modified the judgment is unanimously affirmed, without costs. The record herein does not justify holding as a matter of law that the defendant union may not call a strike of plaintiff's employees, even though it may be unsuccessful because they are not members of the union, or take means to induce plaintiff's employees to cease working for it, in connection with attempts by the union to extend its sphere of influence by way of bettering working conditions. This is so even though upon the record herein the union has lost its right to picket plaintiff or circularize with respect to a strike because it has abused its rights in these particulars and, therefore, lost its right to avail itself of those means of carrying on a strike with respect to plaintiff. Present — Kapper, Rich, Hagarty, Carswell and Scudder, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE KURKJIAN, Appellant.— Judgment of conviction of the Court of Special Sessions, Borough of Brooklyn, affirmed. No opinion. Young, Seeger and Carswell, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote for reversal upon the ground that defendant's guilt was not established beyond a reasonable doubt.

BENJAMIN RAPHAEL, Respondent, v. JAMES KUTSUKIAN and ANNA KUTSUKIAN, Appellants.*— Judgment reversed upon the law and the facts and new trial granted, costs to abide the event. The judgment is against the weight of the evidence. A new trial is required in the interest of justice. Kapper, Rich, Hagarty, Carswell and Scudder, JJ., concur.

GEORGE E. SMITH, Appellant, v. MARY E. SMITH, Respondent. (Appeal No. 1.) — Order modified by directing that payment of alimony, as therein provided, begin as of the 22d day of January, 1929, instead of as of the 2d day of January, 1929, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

GEORGE E. SMITH, Respondent, v. MARY E. SMITH, Appellant. (Appeal No. 2.) — Order modified in accordance with *Smith* v. *Smith, No. 1 (ante, p. 759)*, decided herewith, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

MONA F. TAUSZIG, Respondent, v. DOUGLAS N. TAUSZIG, Appellant.— Order staying and enjoining defendant from further prosecuting or proceeding to trial of his action for separation reversed upon the law and the facts, without costs, and motion denied, without costs. Under the circumstances here disclosed the order was not justified. (*Thorne* v. *Thorne*, 203 App. Div. 786, 787; *Belasco Co.* v. *Klaw*, 98 id. 74, 75; *North Central Realty Co.* v. *Blackman*, 145 id. 199; *Grammer* v. *Greenbaum*, 146 id. 3; *Indestructible Metal P. Co., Inc.,* v. *Summergrade*, 197 id. 199.) Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

HELEN THEOBALD, Respondent, v. GEORGE THEOBALD, Appellant.— Order reversed upon the law and the facts, and motion denied, without costs. While

* Affd., 251 N. Y. 571.