Sydney F. Foster, J.
Motion by the defendants, pursuant to CPLR 3211, for an order dismissing the complaint upon several grounds; viz., that the court does not have jurisdiction of the subject matter, that the complaint does not state a cause of action, and that the plaintiffs are not the real parties in interest. The issue of jurisdiction, however, is the focus of the controversy. Defendants assert that the relief sought is within the exclusive jurisdiction of the Surrogate’s Court, and argue furthermore that there is another action pending in the Supreme Court between the same parties for the same cause of action.
Taking the averments of the complaint as true, as we must, the present action is brought by a widow and daughter as the only heirs at law and next of kin of Samuel W. Mann, a resident of the City of Albany who died on May 16,1962, against the brother and nephew of the deceased for relief from a conspiracy entered into by the defendants to defraud Samuel W. Mann and deplete his estate, in pursuance of which the defendants procured certain assets from Mann’s possession and control by means of duress, misrepresentations and undue influence during 1959 and 1960. It is claimed, among other transfers of properties and assets: (a) that on July 17 and 19, 1959, Mann converted or transferred six savings accounts which were in his own name, and five savings trust accounts which were in his name as trustee for his daughter, funds now totaling in excess of $94,000, to accounts in trust for the defendant nephew; (b) that on July 20, 1959, Mann changed the name of the beneficiary on a $10,000 life insurance policy from his wife and daughter to that of the defendant nephew; (e) and that during January or February, 1960, or at other times, Mann transferred or assigned certain securities, evidences of indebtedness, and other items of personal property to the brother and nephew. Furthermore, it is alleged that pursuant to this conspiracy, a will dated July 13, 1959, and one dated February 18, 1960, were executed by Samuel W. Mann as products of this fraud and undue influence.
In addition to seeking compensatory and exemplary damages as a result of the foregoing, the plaintiffs demand judgment: *21 that defendants be declared constructive trustees of the assets obtained while Mann was alive; that the defendants render an accounting of all such property; that the defendants deliver possession of the property to a person appointed by the court; that certain properties be declared part of the decedent’s estate; that certain of the savings trust accounts be declared to belong to the plaintiff daughter; that the plaintiff wife be declared to be entitled to the proceeds of the insurance policy; and that the defendants be enjoined from disposing of any of the above-described assets.
At the outset it must be noted that it is undisputed that an action in the Supreme Court, Albany County, was brought by the nephew, as beneficiary of the above-described life insurance policy, against the insurance company, which in turn inter-pleaded the wife and daughter and sought to pay the proceeds into court. Since that action is still pending (see Maim v. John Hancock Mut. Life Ins. Co., 20 A D 2d 608), and involves the same claims made relating to the insurance proceeds as does the present complaint, plaintiffs’ complaint here insofar as the proceeds are concerned should be dismissed with leave, if the parties are so advised, to seek consolidation of the two actions (CPLR 3211, subd. [a], par. 4; CPLR 602, subd. [a]).
It is also undisputed that the will of Samuel W. Mann, dated February 18, 1960, has been offered for probate in the Surrogate’s Court, Albany County, and that a proceeding is still pending, a temporary administrator having been appointed, following the filing of objections by the widow and daughter upon numerous grounds including the claim of fraud and undue influence. The will, naming the defendant nephew as executor and trustee, directs that the residue of the estate (which includes all properties except household goods) be divided into three equal parts: one third to the plaintiff widow; one third in trust for the daughter; and one third to the defendant brother.
In view of the conceded pendency of the probate proceeding, therefore, the defendants seek to dismiss the present complaint. It is principally argued that since the Surrogate’s Court has already taken jurisdiction over the subject matter of the decedent’s estate, and all interested parties have appeared, that court can administer any appropriate form of legal and equitable relief (Surrogate’s Ct. Act, § 40; see, e.g., Matter of Venblow, 2 A D 2d 365; Reilly v. Wygant, 11 A D 2d 647). Furthermore, it is asserted that the plaintiffs have no existing interest to challenge the validity of any of the inter vivos transfers by the decedent; i.e., it is claimed that all of the assets challenged were *22 owned, solely by the decedent, and, consequently, any right of action over the validity of the transfers rests in his estate.
The difficulty, however, is that not only are the named executor’s personal interests of ownership adverse to those of the plaintiffs who are additionally challenging the validity of the will, but, as with the insurance proceeds, certain of the bank accounts originally in trust for the daughter and later transferred to trust accounts for the nephew may be considered to pass outside of the estate (Matter of Halpern, 303 N. Y. 33).
Since the only question immediately involved in the pending-proceeding in Surrogate’s Court is concerned with the validity of the February 18, 1960 will, and plaintiffs in this court as next of kin or heirs at law seek a wider determination as to all of the many alleged fraudulent inter vivos transfers of assets, which as a result may enhance the value of the estate, there is sufficient reason presently existing to retain plenary jurisdiction in the Supreme Court (Matter of Tebin, 7 A D 2d 720; Wyatt v. Fulrath, 13 A D 2d 250). Without reaching any question of alleged “ damages ” as one of the forms of relief that might be granted, it is at least clear that the complaint as brought by the next of kin or heirs at law states a cause of action against the defendants individually for equitable relief from the alleged fraud and undue influence exercised by the defendants upon the decedent (Greenfield v. Realty Funds, 14 A D 2d 896; Kilcoin v. Countryman, 5 A D 2d 717; cf. Tebin v. Moldock, 19 A D 2d 275, mod. 14 N Y 2d 807).
Although the situation here is not alleged to be one in which the defendants within a confidential relationship obtained these assets inter vivos or at death upon certain promises to carry out an oral agreement for the benefit of the plaintiffs (see, e.g., Ahrens v. Jones, 169 N. Y. 555; Sinclair v. Purdy, 235 N. Y. 245; Haynos v. Krupczyk, 14 A D 2d 985, affd. 13 N Y 2d 841), or that the decedent was prevented from making a new will or revoking an old one by reason of fraud and undue influence (Latham v. Father Divine, 299 N. Y. 22), there is no doubt that equity may be impelled to action through any of its formulas of expression where fraud or undue influence may have been practiced and unjust enrichment achieved, especially within a confidential relationship (see, e.g., Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 386; Falk v. Hoffman, 233 N. Y. 199; Greenfield v. Realty Funds, 14 A D 2d 896, supra; Kilcoin v. Countryman, 5 A D 2d 717, supra; cf. Tebin v. Moldock, 19 A D 2d 275, mod. 14 N Y 2d 807, supra).
Accordingly, the motion to dismiss the complaint is granted only insofar as another action in the Supreme Court is pending *23 as to the insurance proceeds described herein, with leave to consolidate these two actions for trial, if the parties are so advised; otherwise, the motion is denied, without costs. Submit order accordingly.