■ ISELIN-JEFFERSON FINANCIAL COMPANY, INC., Appellant, v. LILLY M. WARD, Respondent.— Order entered February 27, 1970 staying further prosecution of the action pending the outcome of a proceeding in the Superior Court of the State of California in which the defendant was directed to appear, reversed, on the law and as a matter of discretion, without costs and without disbursements, and the defendant's motion denied. Defendant is sued herein as guarantor of the indebtedness of a California corporation (now bankrupt) of which defendant was a principal. Subsequent to the commencement of this action, plaintiff also sued, in California, two of the defendant's business associates (California residents) who were coguarantors of the principal's indebtedness to the plaintiff. After asserting a counterclaim against plaintiff, after extensive motion practice, after plaintiff had obtained a decision requiring

defendant to appear for deposition and almost three months after the action was commenced, defendant moved for a stay pending the outcome of the California action. Special Term noted that the defendant's guarantee was one of payment, not collection, so that the plaintiff's right to sue the defendant was not dependent upon its first or simultaneous prosecution of suit against the principal or coguarantors. It was further observed by the lower court that there were distinctions between the defenses raised by the defendant here and those raised by her coguarantors in the California case. We would add that a stay was not authorized pursuant to CPLR 3211 (subd. [a], par. 4) since there was not " another action pending between the same parties ". Moreover, as further bearing on the question whether to halt the New York action, we take notice of the fact that plaintiff is duly licensed to do business in this State and that its principal place of business is in New York City, that defendant is a resident of New York City; and that the written guarantee admittedly signed by the defendant recites that " This agreement and its performance shall for all purposes be deemed to have been made in, and governed by the laws of, the State of New York ". In these circumstances it would be unfair to plaintiff to deny it a decision in this forum. Concur — Eager, Capozzoli, Nunez and Tilzer, JJ.; Stevens, P. J., dissents and votes to affirm on the opinion of Sarafite, J., at Special Term.