Paul Kelly, J.
This is a mechanic’s lien foreclosure action. The facts adduced at the trial or otherwise stipulated and conceded by the parties are as follows:
Plaintiff Drachman Structurals, Inc. (Drachman) filed a mechanic’s lien in the sum of $14,834.36 on January 30, 1973 in the office of the Clerk of Richmond County, where the real property is situated, which is the balance due the plaintiff for materials sold and delivered to defendant Anthony Rivara Contracting Co., Inc. (Rivara), who has defaulted in appearance in this action, in connection with the construction of an improvement on property located on Staten Island in New York City. Plaintiff Drachman’s action was commenced by the filing of a Us pendens with the County Clerk of Richmond County on March 2, 1973 and by service of copies of the summons and complaint on all of the defendants herein.
J. C. MacElroy Co., Inc. (MacElroy), also filed a mechanic’s lien in the sum of $17,715.78 on February 1, 1973 in the office of the Clerk of Richmond County, which is the total sum due MacElroy for materials sold and delivered to Rivara in connection with the construction of the same improvement. MacElroy, being a defendant lienor who has cross-claimed to foreclose its mechanic’s lien, stands in the same position as the plaintiff in this proceeding.
*488 The defendants, Frank Vigliarolo and Joseph Vigliarolo (owners), are the deed owners of the real property involved in this action.
The defendant, Vigliarolo Bros., Inc., (corporate lessee), is a domestic corporation which has an unrecorded lease to the real property from the defendant owners.
The defendant owners are the sole officers and stockholders of the corporate lessee, which entity undertook to have Bivara construct a concrete plant and a steel bulkhead on the property.
The defendant Bivara entered into a written contract with the defendant corporate lessee to construct the bulkhead at a unit price of $430 per linear foot.
Rivara suspended work at the end of November, 1972 and filed a petition for reorganization under the Bankruptcy Act (U. S. Code, tit. 11) in the United States District Court, Eastern District of New York. Bivara was adjudged a bankrupt and afforded the protection of the United States District Court by order dated January 29, 1973 one day before the filing of Drachman’s mechanic’s lien and three days before the filing of MacElroy’s mechanic’s lien.
Copies of the liens were sent by regular mail and by certified and registered mail, return receipt requested, to the corporate lessee and to the owners, who received the liens a day or two after the dates of filing.
The parties have conceded that subsequently, on March J, 1973 and March 13, 1973 payments of $3,900 and $5,000 respectively were made by the defendant corporate lessee to Bivara after the filing of the liens and the receipt thereof by the defendants.
The lienors, Drachman and MacElroy, contend that the payments to Bivara, after the filing and receipt of copies of the liens, make the defendant corporate lessee liable to the lienors for the amounts of said payments and that the mechanic’s liens attached to the aforesaid payments totaling $8,900.
The defendants, owners and corporate lessee, contend that this court is without jurisdiction because an action to foreclose a mechanic’s lien is a real property action and as such must be brought in the county where the subject of the action is situated.
The defendants, owners and corporate lessee, further contend that the contract with Bivara was abandoned and that a new contract (for which labor only was paid) was entered into for the completion of the unfinished work.
Further, they contend that the work Bivara initially performed was defective and that the corporate lessee is entitled *489 to offset said payments to others and the cost to remedy the alleged defective work against the claims of the lienors and, that by reason of such offset, there is nothing due or to become due to Bivara to which the liens could attach.
Also, it is the contention of the defendants, owners and corporate lessee, that the MacElroy lien is defective for failure to comply with section 9 of the Lien Law in that the following errors appear: (1) incorrect owner was named; (2) incorrect person named for whom materials were furnished, and (3) the property described in the notice of lien is not the property described in the complaint.
The contentions of the defendants, owners and corporate lessee, are disposed of as follows:
(1) The jurisdictional objection raised at the trial is not valid. While CPLR 507 does provide that real property actions are to be tried in the county where the real property is found, this mandate has its application in venue and not jurisdiction. The place of. trial of this action is not a jurisdictional issue but merely a question of venue and having failed to object to or move against the venue pursuant to article 5 of the CPLR, the defect is waived. It does not effect the basic proposition that a judgment rendered in an improper county is nevertheless valid. (See 2 Weinstein-Korn-Miller N. Y. Civ. Prac., par. 507.02; Lien Law, § 41.)
(2) The contention raised at the trial that the contract with Bivara was abandoned and that a new contract was entered into, is also invalid. Neither the answer nor the bill of particulars raised these defenses, and the testimony given by Joseph Vigliarolo at the trial was inconsistent with the testimony given by the same witness in his examination before trial to the effect that he and Bivara proceeded with the performance of the original contract to its completion, and that the subsequent payments were made pursuant thereto.
The defendants, owners’ and corporate lessee’s claim for alleged defective work cannot affect the rights of the lienors. They became general creditors of Bivara and their claim for the alleged defective work is subject to and subordinate to the rights of the lienors. Upon the filing of the liens and service of copies in compliance with the Lien Law, any funds that were due and owing or which subsequently became due and owing to Bivara from the defendants, owners and corporate lessee, became subject to said liens and the liens attached to said funds. (Van Clief v. VanVechten, 130 N. Y. 571; VanCott & Son v. Gallon, 163 Misc. 914; Herrmann & Grace v. City of New York, 130 *490 App. Div. 531, affd. 199 N. Y. 600; Drane Lbr. Co. v. T.G.K. Constr. Co., 39 A D 2d 567; Kelly v. Bloomingdale, 139 N. Y. 343; Lien Law, § 11.)
The contention raised at the trial that the MacElroy lien was defective is also without merit since any alleged defect in the lien should have been pleaded as an affirmative defense, and failure to do so constituted a waiver. (Romeo v. City of Yonkers, 126 App. Div. 402, affd. 196 N. Y. 546; Dwelle-Kaiser Co. v. Frid, 233 App. Div. 427, affd. 259 N. Y. 546.) Further, section 23 of the Lien Law provides as follows: ‘1 This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same.”
Based upon the proceedings had herein, after hearing the testimony, receiving the exhibits and briefs, and due deliberation thereon, the court finds and determines as follows:
1. Both the Drachman lien and the MacElroy lien are on a parity and there is no priority between them on account of the time of filing.
2. Both Drachman and MacElroy, as lienors, are entitled to judgment foreclosing their liens against Frank Vigliarolo and Joseph Vigliarolo, the owners of the real property, for the sum of $8,900 with interest on the sum of $3,900 from March 1, 1973 and on the sum of $5,000 from March 13, 1973 plus costs and disbursements of this action. Both lienors shall share in said funds pro rata in accordance with the amounts of their respective liens.
All motions upon which the court reserved decision at the trial are resolved in accordance with the foregoing memorandum which constitutes the decision of this court pursuant to CPLR 4213.