■ BERNARD SAFIER, Doing Business as COUNTRY REALTY, Respondent, v LUDOVIC COHL et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered August 13, 1982 in Sullivan County, which (1) denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 4, 10), (2) stayed further proceedings in an action pending between the parties in Supreme Court, Kings County, and (3) conditionally denied plaintiff's cross motion to disqualify defendants' attorney from representing them in this action. From the affidavits and exhibits in the moving and opposing papers, it appears that defendants Ludovic and Rafila Cohl were co-owners of certain property in Sullivan County and in August, 1980 engaged plaintiff to find a buyer for the property. In the late fall of 1980, plaintiff procured a purchase offer from Simon Karas and Aaron B. Karas. Negotiations on the sale continued until March, 1981 without the parties arriving at mutually agreeable terms of sale. In December, 1981, the property was sold to Eva Karas, the wife of Simon Karas and mother of Aaron B. Karas, and Laural Karas, the wife of Aaron B. Karas. By letters dated December 23, 1981 and January 8, 1982, a claim against the Cohls was asserted on behalf of plaintiff for a real estate commission arising out of the sale. On January 25, 1982, an action was commenced on behalf of the Cohls and their alleged co-owners of the property in Supreme Court, Kings County, seeking a declaratory judgment that plaintiff herein was not entitled to a commission on the sale of their property to Eva and Laural Karas. Shortly thereafter, the instant action for real estate commission on that sale was commenced by plaintiff in Sullivan County. In both actions, defendants are being represented by Aaron B. Karas, Esq., one of the original prospective buyers of the property. Defendants then moved for dismissal of the Sullivan County action, primarily on the basis of the prior pendency of the Kings County action. Plaintiff cross-moved to disqualify

defendants' attorney. Special Term denied defendants' motion to dismiss. It granted a stay of the action in Kings County until the resolution of the instant action unless the plaintiffs in the Kings County action consented to consolidation of both actions with venue in Sullivan County. It denied plaintiff's cross motion to disqualify defendants' attorney conditioned upon said attorney making a full disclosure to the court *in camera*. This appeal then ensued. Special Term properly denied defendants' motion to dismiss on the ground of the pendency of the Kings County action. There was not a complete identity of parties in the two actions, and a more complete resolution of the controversy between plaintiff and defendants herein is available in the Sullivan County action at law for the brokerage commission than in the Kings County action for a declaratory judgment (*Iselin-Jefferson Fin. Co. v Ward*, 34 AD2d 919; *Mann v Mann*, 45 Misc 2d 19, affd 22 AD2d 992; Siegel, NY Prac, § 262, pp 321-322). It was inappropriate, however, for Special Term in the Sullivan County action to have stayed the Kings County action. The general rule, which comports with the orderly administration of justice, requires that the stay of an action should be sought from the court in which that action is pending (*Thorne v Thorne*, 203 App Div 786; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2201.04; but see *Westchester Fire Ins. Co. v Lipsky*, 9 Misc 2d 390). We nevertheless agree with the apparent objective of Special Term in granting the stay thereby to avoid a duplicity of litigation involving the same subject matter in two different jurisdictions. In our view, also, Sullivan County is the more appropriate venue for the resolution of the common issues in controversy. As previously noted, the action pending in Sullivan County will afford the more complete resolution of the parties' dispute. The facts underlying the controversy arose in Sullivan County, while Kings County's only connection appears to be that it is the county of residence of the parties to that action having the least involvement in the dispute. Statistical comparisons of the calendar backlog in the two counties also weigh heavily in favor of trial in Sullivan County (see Third Annual Report of the Chief Administrator of the Courts [1981], table 5, pp 20-21). For the foregoing reasons, a joint trial of the two actions should be directed in Sullivan County (*Braff v Par-Du Leasing*, 25 AD2d 897). We are also of the view that, under the circumstances alleged in the papers supporting plaintiff's cross motion, a sufficient showing was made of the possible disqualification of defendants' attorney to support Special Term's ruling denying the motion only on condition that said attorney make an *in camera* disclosure of the pertinent facts to enable Special Term to make a proper final determination of the request for disqualification (New York Code of Professional Responsibility, Canon 5, DR 5-101, subd [B]; DR 5-102, subd [A]; DR 5-103, subd [A]; see, also, e.g., *RAV Realty Corp. v Union Fed. Sav. & Loan Assn.*, 63 AD2d 609). Order modified, on the law and the facts, by deleting therefrom the portion thereof which stayed further proceedings in the action between the parties in Supreme Court, Kings County, and by adding thereto a direction for a joint trial of said action with the instant action, with venue in Sullivan County, and, as so modified, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.