■ BERNARD SAFIER, Doing Business as COUNTRY REALTY, Respondent, v LUDOVIC COHL et al., Appellants. (Action No. 1.) BERNARD SAFIER, Doing Business as COUNTRY REALTY, Respondent, v ITIG EDELSTEIN et al., Appellants. (Action No. 2.) — Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered May 18, 1984 in Sullivan County, which denied defendants' motion to strike plaintiff's note of issue and to compel plaintiff to accept defendants' answers.

The facts giving rise to the consolidated actions underlying this appeal are reported in a previous decision of this court (95 AD2d 933). At issue on this appeal is the propriety of Special Term's refusal to overlook defendants' failure to timely answer plaintiff's complaint. We affirm.

Action No. 1 was commenced against defendants Ludovic and Rafila Cohl in April 1982. Their motion to dismiss the complaint was denied and the order entered thereon was apparently served by mail on August 16, 1982. The Cohls then had until 10 days after service of the notice of entry of that order within which to answer the complaint (CPLR 3211 [f]). Applying the extension for service by mail provided for in CPLR 2103 (b) (2), the Cohls'

answer was due August 31, 1982. The fact that they filed a notice of appeal on August 30, 1982 did not absolve them of the need to answer, for the order appealed from was not subject to an automatic stay (CPLR 5519 [a]), but required a stay by court order (CPLR 5519 [c]). As a consequence, the Cohls, not having interposed an answer, were in default from August 31, 1982 until September 10, 1982, when they moved before Special Term for a stay pending appeal. A second period of default began on January 7, 1983, when Special Term denied the stay application, and continued until March 17, 1983, when this court granted the desired stay. Yet another period of default occurred from July 17, 1983, i.e, five days after the Cohls acknowledged receipt of a notice that this court had upheld Special Term's refusal to dismiss the complaint (CPLR 5519 [e]), and ended September 13, 1983, when their application for leave to appeal to the Court of Appeals was rejected and the Cohls actually answered the complaint. The Cohls had not sought a stay of this court's order pending determination of their motion for leave to appeal (*see,* CPLR 5519 [c]).

Action No. 2, brought against defendants Itig and Etje Edelstein, was instituted February 10, 1983. An order denying their motion to dismiss the complaint was entered and served by mail on July 20, 1983. Since a timely answer was not forthcoming and it does not appear that this order was appealed or that a stay pending appeal was secured, the Edelsteins were in default in answering from August 4, 1983 until September 10, 1983, when they ultimately attempted to serve an answer.

Neither the Cohls nor the Edelsteins proffer any excuse or mitigating factor explaining away their various defaults. On the contrary, the record suggests what plaintiff contends, i.e., that far from inadvertent, these defaults were part of a graceless legal stratagem employed by defendants' previous counsel which included not only improper delaying tactics, but the bringing of motions in the wrong jurisdiction as well as the violation of a stay he had obtained. As defendants in these closely affiliated lawsuits have failed to establish that the delays were neither willful, lengthy nor prejudicial, elements essential to an excuse of a default and an extension of time to plead (*see, General Acc. Group v Scott,* 96 AD2d 759, 760, *lv denied* 60 NY2d 651), we are unwilling to conclude that Special Term acted intemperately.

Order affirmed, with costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.