Southard v Harris (2021 NY Slip Op 06017)





Southard v Harris


2021 NY Slip Op 06017


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

531661
[*1]Martha Southard et al., Individually and as Trustees of the L. Miller Harris Family Trust, Respondents,
v
Peter Harris, Individually and as Trustee of the L. Miller Harris Family Trust, Appellant, and Debra Gross, Respondent.

Calendar Date:September 9, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Melvin & Melvin, PLLC, Syracuse (Michael R. Vacarro of counsel), for appellant.
Bousquet Holstein PLLC, Syracuse (Ryan S. Suser of counsel), for Martha Southard and others, respondents.
Costello, Cooney & Fearon, PLLC, Syracuse (Matthew W. O'Neil of counsel), for Debra Gross, respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Slezak, J.), entered June 12, 2020 in Hamilton County, which denied defendant Peter Harris' motion for a stay pending appeal.
Plaintiffs are the sisters of defendant Peter Harris (hereinafter Harris). In 1992, L. Miller Harris, the father of plaintiffs and Harris, established the L. Miller Harris Family Trust, which was funded by real property. Plaintiffs and Harris are trustees and beneficiaries of the trust, which holds legal title to an 80% interest in real property located in the Town of Inlet, Hamilton County. Plaintiffs and Harris are cotenants with their cousin, defendant Debra Gross, who owns the remaining 20% of the property. In January 2018, plaintiffs commenced this action seeking relief that included (1) an order authorizing the sale of the property and distribution of the proceeds according to the trust agreement, (2) a partition of the property and (3) a judgment finding Harris liable for breach of his fiduciary duty. As is relevant here, Harris answered and asserted affirmative defenses, as well as a counterclaim against plaintiffs relating to his disproportionate payment of expenses associated with the property. Thereafter, plaintiffs moved for partial summary judgment as to their first and third causes of action and for dismissal of Harris' counterclaim. By decision and order entered in August 2019, Supreme Court (J. Sise, J.) granted plaintiffs' motion as to the first cause of action, thereby authorizing a sale of the trust's interest in the property, dismissed Harris' counterclaim and further directed that the parties appear at a subsequent hearing to determine the amount of expenses overpaid by Harris for the benefit of plaintiffs. Harris appealed, arguing that Supreme Court erred in granting summary judgment on the first cause of action and authorizing the sale of the trust's interest in the property. This Court affirmed (191 AD3d 1208 [2021]).
In May 2020, while the prior appeal was pending, plaintiffs agreed to sell the trust's interest in the property to Gross and notified Harris. On June 2, 2020, after a deed had been executed, Harris moved, pursuant to CPLR 2201, for a stay preventing the sale of the property. At oral argument, Harris requested that Supreme Court (Slezak, J.) also consider his motion under CPLR 5519. Supreme Court thereafter denied Harris' motion for a stay, reasoning that the property had already been conveyed at the time of his request for an order preventing such conveyance and that Harris was effectively asking for recission of the deed, for which he lacked standing. Harris appeals.
Harris' argument that Supreme Court erred in denying his motion for a stay is moot inasmuch as the deed to the property has already been executed and delivered, thus, "any attempt at this time to determine the propriety of the . . . stay on the merits would have no direct impact on the rights of the parties" (Mental Hygiene Legal Serv. v Delaney, 134 AD3d 1210, [*2]1210 [2015], lv denied 27 NY3d 901 [2016]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Moreover, this Court's affirmance of the August 2019 order authorizing the sale of the property also renders this issue moot, as a stay pursuant to CPLR 5519 is conditioned on the existence of a pending appeal or motion for permission to appeal (see CPLR 5519 [a], [c]). We do not find that the exception to the mootness doctrine applies (see Matter of Tompkins County [Tompkins County Deputy Sheriffs' Assn., Inc.], 126 AD3d 1156, 1157 [2015]).
Harris also contends that Supreme Court erred in denying his request to rescind the sale of the property. The basis of this contention is that plaintiffs breached their fiduciary duty to Harris by selling the property for less than fair market value. To the extent that Harris, as a beneficiary of the trust but not a party to the sale, has standing to seek rescission, we agree with Supreme Court that, because there is an adequate remedy at law that may be brought by Harris in a subsequent action, the equitable relief of rescission is inappropriate (see Empire Outlet Bldrs. LLC v Construction Resources Corp. of N.Y., 170 AD3d 582, 583 [2019]; Slezak v Stewart's Shops Corp., 133 AD3d 1179, 1180 [2015]; Brooks v Key Trust Co. Natl. Assn., 26 AD3d 628, 631 [2006], lv dismissed 6 NY3d 891 [2006]).
Lynch, J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.