Crisafulli Bros. Plumbing & Heating Contrs., Inc. v Pirri Bldrs., LLC (2021 NY Slip Op 07590)





Crisafulli Bros. Plumbing & Heating Contrs., Inc. v Pirri Bldrs., LLC


2021 NY Slip Op 07590


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

531912
[*1]Crisafulli Bros. Plumbing and Heating Contractors, Inc., Appellant,
v
Pirri Builders, LLC, et al., Defendants, and Pearl Enterprises of Illinois, LLC, Respondent.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

O'Connell & Aronowitz, PC, Albany (Francis J. Smith of counsel), for appellant.
Hinckley, Allen & Snyder LLP, Albany (Chad J. Caplan of counsel), for respondent.



Colangelo, J.
Appeal from that part of an order of the Supreme Court (Ferreira, J.), entered May 12, 2020 in Albany County, which
(1) denied plaintiff's cross motion for partial summary judgment, and (2) granted a motion by defendant Pearl Enterprises of Illinois, LLC and John Doe to stay the action.
Defendant Pearl Enterprises of Illinois, LLC, an owner of property located in the City of Albany (hereinafter the property), entered into a contract in October 2017 with defendant Pirri Builders, LLC to serve as the general contractor for certain renovations at the property. In March 2017, Pirri subcontracted with plaintiff to provide HVAC and plumbing work on the project for $96,000. Plaintiff alleges that it performed that work, as well as $68,708.19 in additional and extra work, such that it was owed a total of $164,708.19, none of which has been paid. As a result, plaintiff filed two notices of mechanic's liens against the property; the first, filed in October 2018, stated that the last day of work provided by plaintiff was April 13, 2018, and the second, filed in January 2019, stated that the last day of work was July 25, 2018. Thereafter, Pearl made two payments, not to plaintiff but to Pirri, in the total amount of $227,502.
Plaintiff then commenced this action, asserting a cause of action to enforce the mechanic's lien against all defendants, and three causes of action against Pearl including, as relevant here, the eighth cause of action for "payment over mechanic's lien." In the meantime, Pirri filed a demand for arbitration against Pearl for breach of contract and seeking damages for extra work; Pearl answered the demand and asserted counterclaims. Pearl then moved to dismiss the complaint against it [FN1] and/or to stay the action pending the related arbitration. Plaintiff cross-moved for partial summary judgment against Pearl and for an order denying Pearl's motion to dismiss. Supreme Court granted Pearl's motion to dismiss plaintiff's eighth cause of action, holding that it is at best a defense to Pearl's defense to plaintiff's lien foreclosure claim, and denied plaintiff's cross motion concluding, as relevant here, that summary judgment on the eighth cause of action was moot in light of the court's dismissal of it. The court also granted Pearl's motion to stay the action pending the arbitration between Pearl and Pirri, a motion which plaintiff did not address in its opposition to Pearl's motion. Plaintiff appeals. We affirm.
Plaintiff's evident focus on this appeal is limited to Supreme Court's dismissal of plaintiff's eighth cause of action — a supposed claim for money damages for Pearl's "payment over [the] mechanic's lien." Supreme Court held, in essence, that no such claim exists, independent of the right of a subcontractor such as plaintiff to enforce its entitlement to payment pursuant to the Lien Law in a lien foreclosure proceeding. At best, the court reasoned, such a "claim" is not an affirmative cause of action, but a defense [*2]to any defense to a lien foreclosure action asserted by Pearl, which claims that it paid Pirri in full and in a timely manner before the lien attached to the property. We agree.
Plaintiff's argument that there is a cause of action for payment over a mechanic's lien as applied to the facts of this case — where plaintiff contends that the payments by Pearl to Pirri were made after it received the notices of the mechanic's lien — hinges upon the last sentence of Lien Law § 11, which provides that, "[u]ntil service of the notice [of lien] has been made, as above provided, an owner, without knowledge of the lien, shall be protected in any payment made in good faith to any contractor or other person claiming a lien." In assessing the meaning and import of a statutory provision, the first step is an analysis of the statutory language itself (see Nadkos, Inc. v Preferred Constr. Ins. Co. Risk Retention Group LLC, 34 NY3d 1, 7 [2019]; Hernandez v State of New York, 173 AD3d 105, 111 [2019]; Board of Trustees of Vil. of Groton v Pirro, 152 AD3d 149, 153 [2017]). Even a cursory reading of this statutory provision reveals that it was not intended to confer a right of action on any party, much less a subcontractor, plaintiff herein. It is written in the language of a defense, a defense available to the owner who pays in good faith before a mechanic's lien is served. The subcontractor may be the beneficiary of such payment, or a person or entity subject to the defense, but a subcontractor is not afforded by it the ability to bring suit against an owner who abides by it; that would subvert the prophylactic purpose of the statute. Rather, a subcontractor such as plaintiff remains free to challenge — as plaintiff does here — the right of the owner, here, Pearl, to assert such a defense, while pursuing its remedies of foreclosure under other provisions of the Lien Law.
As Pearl rightly points out, this is what the subcontractor did in the two cases relied upon by plaintiff to challenge the bona fides of the owner's assertion of the defense provided to it under Lien Law § 11 while attempting to foreclose on the lien (see Drane Lbr. Co. v T.G.K. Constr. Co., 39 AD2d 567, 567 [1972]; Drachman Structurals v Rivara Contr. Co., 78 Misc 2d 486, 488 [Sup Ct, Nassau County 1974]). In short, Lien Law § 11 does not confer a right of action; at best, what plaintiff is asserting is a defense against the safe harbor afforded by section 11 should an owner "do the right thing" and pay its obligations to its contractor and subcontractor before a lien attaches. Accordingly, Supreme Court properly dismissed plaintiff's eighth cause of action and denied its corresponding cross motion for partial summary judgment.
Supreme Court also properly granted Pearl's motion to stay the instant action pending the arbitration between Pearl and Pirri. Initially, plaintiff failed to oppose the motion for a stay; although plaintiff's notice of cross motion generally sought a denial of [*3]Pearl's motion, plaintiff's motion papers in Supreme Court did not address the stay issue. Thus, plaintiff cannot challenge that aspect of Supreme Court's order on appeal (see Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1330 [2017]). In addition, Supreme Court properly acted within its discretion in granting the stay, as the resolution of the arbitration — which concerns a central issue of whether Pearl bears any liability to plaintiff — may well determine the outcome of the pending litigation; should Pearl's allegations be sustained in the arbitration, the arbitrator would resolve the issue of its liability under the mechanic's lien (see CPLR 2201; C.B. Strain & Son v Baranello & Sons, 90 AD2d 924, 925 [1982]; Trieber v Hopson, 27 AD2d 151, 152 [1967]). We have reviewed plaintiff's remaining contentions and find them to be without merit. Accordingly, the order should be affirmed in all respects.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Pearl later withdrew the motion with respect to plaintiff's fifth cause of action.