Matter of Town of Colonie v City of New York (2025 NY Slip Op 02256)

Matter of Town of Colonie v City of New York

2025 NY Slip Op 02256

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

CV-24-1108
[*1]In the Matter of Town of Colonie et al., Respondents,
v
City of New York et al., Respondents, and Surestay Plus by Best Western Albany Airport, Appellant.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Pryor Cashman LLP, New York City (Todd E. Soloway of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, Albany (Marshall Broad of counsel), for Town of Colonie and another, respondents.

Powers, J.
Appeal from an order of the Supreme Court (E. Danielle Jose-Decker, J.), entered June 7, 2024 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, denied a motion by respondent Surestay Plus By Best Western Albany Airport for a preliminary injunction.
In October 2022, respondent Eric Adams, as Mayor of respondent City of New York, declared a state of emergency in the City due to a severe influx of asylum seekers and refugees into the City (see NY City Executive Order [Adams] No. 224). As a result, in early May 2023, Adams announced the implementation of a plan to arrange for temporary housing of these individuals in counties outside of the City.[FN1] However, in response to this plan, various counties issued executive orders designed to prevent asylum seekers and refugees from being sent to their respective counties.[FN2] As is relevant here, this included Albany County, which, on May 23, 2023, declared a state of emergency and issued an executive order prohibiting any "hotel, motel, owner of a multiple dwelling, or shelter" from "contract[ing] or otherwise engag[ing] in business with any other municipality . . . for the purpose of providing housing or accommodations for migrants or asylum seekers without a license granted by the County" (see Albany County Emergency Order [McCoy] No. 1 of 2023). Nevertheless, respondent Surestay Plus By Best Western Albany Airport (hereinafter referred to as the hotel), located in the Town of Colonie, Albany County, had contracted with the City to house asylum seekers and refugees in its hotel. Thus, on May 27, 2023, 24 individuals arrived at the hotel to be housed.
In response to the foregoing, petitioners — Town of Colonie and its supervisor — commenced the instant combined action and proceeding seeking to, among other things, declare that respondents were acting without lawful authority and in violation of procedure by transferring these individuals from the City and, further, were operating an unauthorized temporary homeless shelter in the hotel. In conjunction with the commencement of this proceeding, the Town sought a preliminary injunction to enjoin respondents "from transporting any homeless adult or minor individual" to any hotels within the Town — with specific mention made of the hotel — and from transporting any asylum seekers or refugees to the Town. However, this request was denied on June 21, 2023 and, just over a week later, a separate action was commenced in Justice Court for the Town of Colonie (hereinafter referred to as the Justice Court action) against the hotel on the grounds that it had violated the Code of the Town of Colonie §§ 119-23 (providing a 28-day limit on guest stays) and 119-26 (providing that a guest register must be available for inspection by members of the Town of Colonie's Police Department and Building Department).
Relevant to the issues raised on appeal, in August 2023, the hotel moved in Supreme Court [*2]for a preliminary injunction enjoining the Town from interfering in various ways with the hotel providing accommodations to asylum seekers and refugees and to consolidate this proceeding with the Justice Court action or, in the alternative, to stay the Justice Court action pending resolution of this proceeding. The court (Gilpatric, J.) initially issued a temporary restraining order staying the Justice Court action. However, in a June 2024 order, the court (Jose-Decker, J.) denied the hotel's request in full and vacated the previously issued stay. The hotel appeals.[FN3]
The hotel does not presently raise any challenge to Supreme Court's denial of its request to consolidate the instant proceeding with the Justice Court action. Instead, the hotel asserts that the court erred in failing to issue a preliminary injunction against the enforcement of the Code of the Town of Colonie §§ 119-23 and 119-26, on the basis that these provisions are being implemented in an unconstitutional manner or, in the least, failing to grant a stay of the Justice Court action.
"As a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1442, 1444 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Edu. Servs. v Rosa, 234 AD3d 1034, 1035 [3d Dept 2025]). "It is well settled that a court's jurisdiction extends only to live controversies and, thus, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Owner Operator Ind. Drivers Assn., Inc. v Karas, 188 AD3d 1313, 1316 [3d Dept 2020] [internal quotation marks and citations omitted]).
The preliminary injunction sought to enjoin petitioners from interfering with the hotel's provision of accommodations to asylum seekers and refugees. However, the Albany County Emergency Order barring the transport of asylum seekers and refugees into the county has expired by its own terms.[FN4] What is more, in the midst of this appeal, this Court was made aware of the fact that the hotel is no longer being used as a temporary accommodation for asylum seekers and refugees, and, on top of that, the City has ceased the program in question and no longer transports these individuals to outlying localities. As the hotel is no longer being utilized as a temporary accommodation for these individuals, petitioners are in no way able "to interfere with the [h]otel[ ] providing its accommodations or other services to [asylum seekers or refugees] at the [h]otel." Therefore, the hotel's request for a preliminary injunction is moot because "an adjudication of the particular issues raised in [that aspect of the motion] would have no practical effect upon [*3]the rights of the parties" (Matter of Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Edu. Servs. v Rosa, 234 AD3d at 1036; see Owner Operator Ind. Drivers Assn., Inc. v Karas, 188 AD3d at 1316; Matter of National Energy Marketers Assn. v New York State Pub. Serv. Commn., 167 AD3d 88, 94 [3d Dept 2018]). In any event, the Town has repeatedly confirmed its intention to continue prosecution of the Justice Court action. As such, the issue of whether Supreme Court erred in denying the hotel's request to impose a stay of that action has not been rendered moot by the cessation of the program, as the rights of the parties will still be impacted by a determination on this discrete issue (compare Southard v Harris, 199 AD3d 1101, 1102 [3d Dept 2021], lvs dismissed 38 NY3d 971 [2022], 38 NY3d 1179 [2022]).
Although Supreme Court did not directly address the merits of the hotel's request to stay the Justice Court action, we find the request to have been directed at the improper court and, thus, appropriately denied. The hotel's initial request for a stay was made pursuant to CPLR 326 (a), permitting Supreme Court to stay the Justice Court action while considering the hotel's motion to consolidate the Justice Court action with the instant proceeding (see CPLR 602 [b]). Yet, the hotel now claims that following denial of its request for consolidation — which, again, is not challenged before this Court — the proper procedural basis to stay the Justice Court action was CPLR 2201. However, in making this argument, the hotel disregards that a motion pursuant to CPLR 2201 must be made to "the court in which [the] action is pending" (CPLR 2201). Thus, "the practice of applying in one action to stay the proceedings in another action, pending in a different jurisdiction, is unauthorized" (Eber-NDC, LLC v Star Indus., Inc., 32 AD3d 1251, 1253 [4th Dept 2006] [internal quotation marks, brackets and citation omitted]; see Matter of Church Mut. Ins. Co. v People, 251 AD2d 1014, 1014 [4th Dept 1998]). Accordingly, as the hotel did not seek to stay the Justice Court action in Justice Court, we discern no basis to disturb Supreme Court's denial of the hotel's request for a stay of the Justice Court action (see Matter of Church Mut. Ins. Co. v People, 251 AD2d at 1014; but see Safier v Cohl, 95 AD2d 933, 934 [3d Dept 1983]).[FN5]
Egan Jr., J.P., Clark, Lynch and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: When announcing the implementation of this plan, the Office of the Mayor estimated that over 60,000 asylum seekers had come through New York City since the spring of 2022 (see Mayor Adams Announces Program to Provide Shelter Option for Asylum Seekers Already in Care in Nearby New York Counties [May 5, 2023], available at 
https://www.nyc.gov/office-of-the-mayor/news/322-23/mayor-adams-program-provide-shelter-option-asylum-seekers-already-care-in [last accessed March 18, 2025]; NY St Cts Elec Filing [NYSCEF] Doc No. 113, Press Release, in Matter of Town of Colonie v City of New York, Sup Ct, Albany County, index No. 904641-23).
Footnote 2: In July 2023, a federal lawsuit was commenced in the US District Court for the Southern District of New York by various entities which own and operate hotels within the state, among others, against numerous governmental entities, including more than 20 counties that had issued executive orders precluding the temporary housing of asylum seekers and refugees within their jurisdictions (see Palisades Estates EOM, LLC v County of Rockland, Docket No. 7:23-cv-04215-NSR [SDNY]).

Footnote 3: Upon motion by the hotel, this Court reinstated the temporary restraining order pending determination of the appeal (2024 NY Slip Op 72497[U] [3d Dept 2024]).

Footnote 4: This Emergency Order was 
subsequently repeatedly extended, most recently on December 13, 2024. At that 
time, it was to expire by its own terms if not extended within 30 days (State of 
Emergency: Renewal [Dec. 13, 2024], available at

https:/www.albanycountyny.gov/Home/Components/News/News/2528/59?npage=2 [last accessed Mar. 18, 2025]). This Court has been advised that it was not extended and has, therefore, expired. 

Footnote 5: This determination is based upon the unavailability of the requested relief and, therefore, should not be read as deciding whether a request for a stay of the Justice Court action, properly made in that court, should be granted or denied. If presented with such a request, the Justice Court should consider whether there exists a pending action or proceeding in another jurisdiction involving a dispositive issue or whether the two are sufficiently similar so as to present a situation where the failure to grant a stay may bring about an inequitable result (see generally Crisafulli Bros. Plumbing & Heating Contrs., Inc. v Pirri Bldrs., LLC, 200 AD3d 1519, 1521-1522 [3d Dept 2021]; Rothschild v Braselmann, 157 AD3d 1027, 1029 [3d Dept 2018]; Concord Assoc., L.P. v EPT Concord, LLC, 101 AD3d 1574, 1575 [3d Dept 2012]).