In the Matter of HENRY L. SCOPES, an Alleged Mentally Ill Person, Appellant. GIRISH SHAH, as Director of Elmira Psychiatric Center, Respondent.

Third Department, October 27, 1977

*James R. Beecher, Jr.,* for appellant.

*Louis J. Lefkowitz, Attorney-General (Frederick R. Walsh* and *Jean M. Coon* of counsel), for respondent.

SWEENEY, J. P. Petitioner was initially referred to the Elmira Psychiatric Center in May, 1975 from Matteawan Psychiatric Center, where he had been under treatment following a conviction for assault. He was placed in a family care home for the latter part of 1975 but when the caretaker was unable to control his behavior he was returned to the Elmira Psychiatric Center on December 31, 1975. On February 11, 1976 petitioner was discharged out in the community on his own. A psychiatrist at the Elmira Psychiatric Center testified that on March 1, 1976 petitioner was readmitted to that center on an involuntary basis on the certificate of two physicians. Petitioner's contention that the State failed to show that he was admitted on the basis of certifications of two physicians is rejected. On November 24, 1976 the Chemung County Court issued an order authorizing the retention of petitioner at the Elmira Psychiatric Center for a period of 12 months. On January 20, 1977 a jury trial was held before the Supreme Court, Chemung County, to review the 12-month retention order. By an order entered January 26, 1977, the Supreme Court certified that petitioner was mentally ill and in need of retention and authorized his continued retention as an involuntary patient for 12 months from the date of the order of the County Court.

On this appeal petitioner contends that the trial court erred in refusing to charge the jury that the State had to prove that petitioner was mentally ill and posed a serious threat of substantial harm to himself or to others as evidenced by a recent overt act or threat outside of the institutional setting. The court refused to so charge but instead charged the jury that they could find petitioner in need of further retention if they found that he was in need of further treatment and did not realize the necessity for that treatment that he was then receiving. Upon examination of the charge in its entirety we are of the view that it opened the possibility of the jury finding the petitioner in need of further retention if he posed no threat of harm to himself or others but was in need of treatment. Whether continued confinement on those grounds violates petitioner's constitutional rights is the question that must be answered on this appeal.

The Supreme Court has recently stated that: "[A] state may not confine without more a nondangerous individual who is capable of surviving safely in freedom by himself or with the help of willing and responsible family members or friends" *(O'Connor v Donaldson,* 422 US 563, 576). The court left undecided the issue of whether the State could constitutionally confine a nondangerous, mentally ill individual for the purpose of treatment. Chief Justice BERGER, however, in a concurring opinion, expressed the belief that our concepts of due process would not tolerate the confinement of an individual thought to need treatment where the sole justification for such deprivation of liberty is the provision of some treatment *(O'Connor v Donaldson, supra,* p 589). We are in agreement with this interpretation.

Substantive due process requires that the continued confinement of an individual must be based upon a finding that the person to be committed poses a real and present threat of substantial harm to himself or others (see *Bell v Wayne County Gen. Hosp. at Eloise,* 384 F Supp 1085). Such criteria would authorize the continued confinement of an individual whose mental illness manifests itself in neglect or refusal to care for himself, where such neglect or refusal presents a threat of substantial harm to his own well-being (see *State ex rel. Hawks v Lazaro,* — W Va —, 202 SE2d 109). What due process does proscribe, in our view, is the continued involuntary commitment of a nondangerous individual who is capable

of surviving safely in freedom by himself or with the help of willing and able family members or friends.

Although we are aware of several cases which have also required a finding that the threat of substantial harm be evidenced by a recent overt act, attempt or threat *(Doremus v Farrell,* 407 F Supp 509; *Lynch v Baxley,* 386 F Supp 378; *Lessard v Schmidt,* 349 F Supp 1078), we are of the opinion that such a requirement is too restrictive and not necessitated by substantive due process. The lack of any evidence of a recent overt act, attempt or threat, especially in cases where the individual has been kept continuously on certain medications, does not necessarily diminish the likelihood that the individual poses a threat of substantial harm to himself or others. Therefore, we conclude that the lack of any such evidence is not fatal to a finding that an individual is in need of continued confinement. We also note that *Fhagen v Miller* (29 NY2d 348, cert den 409 US 845) is not determinative of this issue as the court was therein concerned with short term, emergency confinement.

Petitioner next contends that the trial court erred in refusing to charge the jury that it must find him mentally ill and in need of further retention beyond a reasonable doubt. The court refused this request but did charge the jury that the proof be by clear and convincing evidence. This court is of the view that the charge was proper. Proof of mental illness and dangerousness is much more subjective than proof in a criminal case. Proof beyond a reasonable doubt would prevent the State from confining many individuals in serious need of psychiatric hospitalization. The burden of proof by clear and convincing evidence serves as substantial protection against erroneous commitment without raising a virtual barrier to commitment which we believe would be caused by exacting a standard of proof beyond a reasonable doubt. We, therefore, align with those courts that have adopted the standard of clear and convincing evidence as the proper burden of proof and have rejected the contention that proof beyond a reasonable doubt is mandated by the due process clause (see, e.g., *Matter of Beverly,* 342 So 2d 481 [Fla]; *Matter of Valdez,* 88 NM 338; *State ex rel. Hawks v Lazaro, supra; Doremus v Farrell, supra).*

We have examined petitioner's other contentions and find them to be without merit.

The order should be reversed, on the law, without costs, and

matter remitted for a new jury trial on the question of mental illness and need for further retention pursuant to section 31.35 of the Mental Hygiene Law.

KANE, MAHONEY, MAIN and MIKOLL, JJ., concur.

Order reversed, on the law, without costs, and matter remitted for a new jury trial on the question of mental illness and need for further retention pursuant to section 31.35 of the Mental Hygiene Law.