OPINION OF THE COURT
Herman Cahn, J.
Lesley B., a voluntary patient at New York Hospital, seeks release pursuant to Mental Hygiene Law § 9.13. The hospital seeks to retain her as an involuntary patient pursuant to Mental Hygiene Law § 9.13 (b). The hospital also seeks, in the same proceeding, to transfer her to a State facility pursuant to Mental Hygiene Law § 9.33 (b).
Lesley B. was admitted to New York Hospital as a voluntary patient pursuant to Mental Hygiene Law § 9.13 (a) on November 20, 1990. On January 27, 1991, she gave notice in writing of her desire to be released pursuant to Mental Hygiene Law § 9.13 (b). The hospital, pursuant to Mental Hygiene Law § 9.13 (b), applied for an order authorizing her involuntary retention. The hospital also seeks to transfer her to a State mental health institution pursuant to Mental Hygiene Law § 9.33.
The Mental Health Legal Services (MHLS) representing Lesley B. maintains that a proceeding pursuant to section 9.13 (b) may not be consolidated with a proceeding pursuant to section 9.33. MHLS argues that a hospital’s petition pursuant to section 9.33 is jurisdictionally defective prior to court-ordered conversion to involuntary status.
The hospital maintains that the proceedings pursuant to sections 9.13 and 9.33 should be consolidated and such consolidation is not prohibited by statute. Furthermore, the hospital argues that such consolidation is in the interest of judicial economy as both proceedings involve similar issues. It is also the hospital’s contention that the court has the authority to order the transfer of an objecting patient at any time, when the court finds such transfer to be in the patient’s best interests based upon medical testimony.
Mental Hygiene Law § 9.13 (b) provides that if a voluntary patient admitted to a hospital wishes to leave, he or she must give notice in writing to the director of the hospital of the *253 desire for discharge. The hospital then must either release the patient or apply within 72 hours for a court order authorizing the involuntary retention of the patient. If the court determines that the patient is mentally ill and in need of retention on an involuntary basis: "[T]he court shall forthwith issue an order authorizing the retention of such patient for care and treatment in the hospital, or, if requested by the patient, his guardian, or committee, in such other non-public hospital as may be within the financial means of the patient, for a period not exceeding sixty days from the date of such order. Further application for retention of the patient for periods not exceeding six months, one year, and two year periods thereafter, respectively, may thereafter be made in accordance with the provisions of this article.” (Mental Hygiene Law § 9.13 [b]; emphasis added.)
Mental Hygiene Law § 9.33 provides the procedure and method for court authorization to retain and/or transfer an involuntary patient. However, section 9.33 only addresses involuntary patients admitted upon an application supported by medical certification for whom there is no court order authorizing a specified period of retention and involuntary patients who have been denied release upon application pursuant to section 9.31. Similarly, the departmental regulations governing transfer by order of the Commissioner of Mental Health (Commissioner) provide that a voluntary patient may only be transferred with written consent (Mental Hygiene Law § 29.11 M; 14 NYCRR 17.2 [e] [1]; 517.4 [c] [1]). If a voluntary patient refuses to consent to transfer he may only be transferred upon conversion to involuntary status pursuant to Mental Hygiene Law § 9.13 (14 NYCRR 517.4 [c] [1] [iii]). The court has the exclusive authority to transfer a patient from voluntary to involuntary status.
Accordingly, an order by the court allowing transfer may only be issued after a patient has been converted to involuntary status. The initial order for involuntary retention may be for a period not exceeding 60 days. Once an order has been issued the hospital must release the patient within 60 days or apply for further retention and/or transfer (Mental Hygiene Law §§ 9.13, 9.33). Section 9.13 only speaks of an order of transfer upon conversion to involuntary status to a nonpublic hospital upon request by the patient, his guardian, or committee. On the other hand, the statute speaks to a court-ordered transfer from a general hospital, such as New York Hospital, to a State hospital only within the procedures and time *254 frames set out by sections 9.31 and 9.33 governing patients already in the hospital on an involuntary basis. Therefore, a section 9.13 proceeding cannot be consolidated with a section 9.31 or section 9.33 proceeding as the hospital has no standing to make such applications without an order first converting the patient to involuntary status. If the Legislature intended otherwise, it could have addressed the issue of involuntary transfer within section 9.13 (b) as it does in sections 9.31 and 9.33 (see, Matter of Taime [LIJ-Hillside Med. Center], NYLJ, Mar. 25, 1986, at 12, col 4 [Queens County, Lerner, J.]).
Contrary to the hospital’s assertion, the court may not order transfer of a patient at any time. The hospital’s argument that, if this were true, it would give the Commissioner more power than the court is without merit. As discussed above, the Commissioner may only transfer involuntary patients, only for specified periods of time and within strict guidelines. (14 NYCRR 517.4.) The fact that the Mental Hygiene Law provides a procedural framework, protective of patients’ rights, for the transfer of patients by court order is not inconsistent with the power of the Commissioner to transfer involuntary patients. A procedural framework within the Office of Mental Health, protective of patients’ rights, similar to that imposed by statute for court-ordered transfer, is provided for in the regulations of the Office of Mental Health governing transfer by the Commissioner (14 NYCRR 517.1 et seq.; see, Savastano v Nurnberg, 77 NY2d 300).
The hospital’s reliance on Savastano (supra) is misplaced. The Court of Appeals in Savastano (supra) held that "Mental Hygiene Law § 29.11 and its implementing regulations, 14 NYCRR 517.4, are facially constitutional, to the extent that they permit an involuntarily admitted mentally ill patient to be transferred, over his or her objection, from a municipal acute-care facility to an intermediate or long-term mental health institution operated by the New York State Office of Mental Health, without a prior judicial hearing as to the appropriateness of such a transfer.” (Savastano v Nurnberg, supra, at 310.)
The instant matter is clearly different. This case involves a transfer by court order from a private hospital to a State operated facility and does not involve the laws and regulations addressed in Savastano (supra). Furthermore, the court in Savastano (supra) emphasized the procedural framework that must be followed before an objecting patient may be transferred by the Commissioner even though access to a judicial *255 hearing is not constitutionally required. The court also pointed to the patients’ right to commence a CPLR article 78 proceeding and seek a stay of the transfer pending judicial review pursuant to CPLR 7805.
Similarly, the hospital’s interpretation of the word “thereafter” at the end of Mental Hygiene Law § 9.13 (b) is erroneous. The hospital argues that the “thereafter” clause provides that the court first determine whether the patient should be released and, afterwards, assuming the court orders the patient involuntarily retained, the court may immediately consider transfer to another facility. Such an interpretation is strained and artificial as well as inconsistent with the plain meaning of the statute. Words in a statute are to be given their usual and common meaning. (Matter of State of New York v Ford Motor Co., 74 NY2d 495; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 232.) The statute clearly states that after a 60-day order of retention has been issued, the hospital may thereafter seek additional orders for retention in accordance with other provisions of article 9 (Mental Hygiene Law §§9.31, 9.33) for periods not exceeding six months, one year, and two years, respectively. The issue of transfer immediately after conversion from voluntary to involuntary status was not addressed by the Legislature. The issue of transfer pursuant to judicial order is only addressed in Mental Hygiene Law §§ 9.31 and 9.33. Accordingly, a separate application must be made after conversion from voluntary to involuntary status and not beforehand in anticipation of such conversion. Any other result will have a chilling effect on a voluntary patient’s right to seek release. As argued by MHLS, a patient in a private hospital threatened with immediate transfer to a State facility, after having requested release against the hospital’s wishes, may be intimidated into foregoing his right to request release. Such a result would be contradictory to the Legislature’s stated desire to encourage voluntary admissions of mentally ill patients. (Mental Hygiene Law §§ 9.21, 9.23; see also, Matter of Buttonow, 23 NY2d 385.)
Additionally, consolidation of the two proceedings is not warranted because, although the issues in both are similar, they are distinct. In a proceeding pursuant to Mental Health Law § 9.13 (b) the court must decide that there is clear and convincing evidence that the person is mentally ill and that he poses a substantial threat of physical harm to himself or others (People ex rel. Leonard HH. v Nixon, 148 AD2d 75; Matter of Carl C., 126 AD2d 640; Matter of Scopes, 59 AD2d *256 203; Matter of DePass, 140 Misc 2d 654). In determining whether an involuntary patient should be transferred over his objection to another facility the issue involved is the type of facility that would best serve a patient’s therapeutic needs (see, Savastano v Nurnberg, supra).
Accordingly, the court holds that a proceeding pursuant to Mental Hygiene Law § 9.13 (b) may not be consolidated with a proceeding to transfer a patient to another facility pursuant to Mental Hygiene Law § 9.31 or 9.33. Only after a court has ordered the involuntary retention of a patient may a hospital apply to the court for an order transferring the patient to another facility over the patient’s objections.
The motion to dismiss the Mental Hygiene Law § 9.33 application is granted with leave to file a new application after the section 9.13 application has been decided.