■ In the Matter of TONI D., Alleged to be an Abused and Neglected Child. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; WILLIAM D. et al., Respondents.—Yesawich Jr., J.

Cynthia Welcher, a caseworker with petitioner's Child Preventive Services (hereinafter CPS) who was assigned to the

school in the Town of Hancock, Delaware County, became acquainted with Toni D., a 13-year-old student, as the result of a CPS indicated report for educational neglect. During a school visit in early April 1990, Welcher talked with Toni about her current boyfriend, Scott VV. and their sexual activity. On an unspecified date in May 1990 when Welcher called Toni's home to schedule a home visit, Toni told her she was going to spend the night with Scott at his home. The next day Welcher met with Toni and her mother at which time they discussed the situation existing in both households; Toni's mother told Welcher that, according to Toni, she and Scott were never alone in Scott's house because Scott's sister and her daughter also lived there. Thereafter Welcher learned that Scott was 23 years old.

Caseworker Scott Connors then arranged to have J. R. Blot, a special investigator employed by petitioner who was also a special Deputy Sheriff, and Sergeant Karl Vagts of the Sheriff's Department accompany him to Toni's house on May 11, 1990 where they interrogated respondents, Toni's parents. Toni was questioned by Blot and Vagts, who both wore firearms, alone in her bedroom, and made a written statement prepared by Vagts in which she stated that she slept with Scott in his bed nightly and had sexual intercourse with him on May 8, 1990. Based upon Toni's statement, on May 17, 1990 a petition was filed charging respondents with child abuse and neglect. The petition alleged, *inter alia,* that respondents "individually and severally have encouraged and facilitated this relationship between their daughter * * * and * * * [Scott] with full knowledge that the two were engaged in a sexual relationship" and that they refused to not permit further contact between Toni and Scott after being advised to do so by law enforcement and social service personnel on May 11, 1990. Following a fact-finding hearing, Family Court dismissed the petition for failure to prove a prima facie case against respondents. Petitioner has appealed; we affirm.

The record evidence falls short of the preponderance required to sustain the allegations *(see, Matter of Nicole V.,* 71 NY2d 112, 117; *see also,* Family Ct Act § 1046 [b] [i]) that respondents knew their daughter was having a sexual relationship with Scott and permitted further contact between them despite being advised at the May 11, 1990 meeting against doing so. In fact, neither Vagts, Blot nor Welcher testified that respondents were aware of any sexual relations between Toni and Scott or that there was any further contact between the two after May 11, 1990.

Nor do we find fault with the negative inference drawn by Family Court from the failure of Connors to testify at the hearing *(see, Matter of Commissioner of Social Servs. v Philip De G.,* 59 NY2d 137, 141). Petitioner offered no explanation for Connors' absence or its inability to produce him *(see, Chandler v Flynn,* 111 AD2d 300, 301-302, *appeal dismissed* 67 NY2d 647).

Mikoll, J. P., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.