■ In the Matter of PATRICK BB., a Person Alleged to be Incapacitated, Appellant. NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Respondent. [700 NYS2d 301] —Graffeo, J. Appeal from an order and judgment of the Supreme Court (Torraca, J.), entered December 21, 1998 in Ulster County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 81, to, *inter alia*, appoint a guardian for the property management of respondent.

Respondent is a developmentally disabled individual who resides in a family care home and receives case management services from petitioner. After respondent inherited $19,041.55 from his cousin in January 1998, petitioner applied to Supreme Court for the appointment of a special guardian to manage respondent's property, increase his personal account with the Taconic Developmental Disabilities Services Offices (hereinafter DDSO) from $857.82 to $2,000, establish a $1,500 burial fund, and pay respondent's Medicaid costs of $24,298.33 incurred from November 1995 to December 1997 (the time period petitioner claims that respondent was not eligible for medical assistance because of the inheritance). Mental Hygiene Legal Services answered on respondent's behalf and sought an order establishing a supplemental needs trust (hereinafter SNT) funded with the proceeds from respondent's inheritance. In December 1998, Supreme Court appointed a special guardian who was directed to increase respondent's personal account at DDSO to $3,500, establish a burial account for respondent in the amount of $1,500, and pay the balance of the funds to petitioner, after deducting expenses and compensation for the special guardian. Respondent appealed this ruling but prior to oral argument, petitioner agreed to waive its claim for medical assistance reimbursement, thereby consenting to the funding of an SNT with the proceeds of respondent's inheritance. Accordingly, Supreme Court rescinded that portion of the order which awarded recovery of Medicaid expenditures and directed the parties to submit a proposed SNT, along with requests for attorney and court evaluator fees.

Petitioner contends that the relief sought by respondent has been rendered moot. We agree. The gravamen of this appeal, i.e., whether respondent's inheritance was an available resource for purposes of Medicaid eligibility, is no longer in controversy since petitioner has relinquished its claim and does not object to the funding of an SNT. Respondent further submits that this case qualifies as an exception to the mootness doctrine, which requires a finding that the relevant issues

are recurring, novel or of substantial public importance and likely to evade review (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707; *Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, *lv denied* 87 NY2d 809). Although the issues in this case may recur and are substantial, they are not likely to evade review. The question of whether, and at what juncture, an incapacitated person's assets acquired through inheritance are available for Medicaid reimbursement will undoubtedly be litigated in the future and there is no reason to anticipate that this issue will escape judicial review. Under these circumstances, we conclude that the recoupment issue raised in this appeal is moot.

With respect to respondent's request that the appeal not be rendered moot until Supreme Court conducts a hearing and disposes of this matter in accordance with the provisions of Mental Hygiene Law article 81, we find that the court's order evinces its intent to adequately address these concerns.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.