■ In the Matter of LAMONT D., Respondent. COMMISSIONER OF MENTAL HEALTH, Appellant. [780 NYS2d 83]—

Crew III, J.P. Appeal, by permission, from a judgment of the County Court of Broome County (Mathews, J.), entered May 22, 2003, which denied petitioner's application pursuant to CPL 330.20 to continue to retain respondent at an unsecure psychiatric facility and directed his release under certain conditions.

Respondent is a diagnosed paranoid schizophrenic who currently is being treated at the Binghamton Psychiatric Center in the City of Binghamton, Broome County. Respondent was involuntarily committed to petitioner's custody in 1981 after being found not guilty by reason of mental disease or defect following a trial for the murder of his four-year-old son. Following his transfer to the Buffalo Psychiatric Center, respondent was released on a court-ordered unescorted furlough to his mother's home where he suddenly became delusional and repeatedly bludgeoned his mother with a hammer rendering her unconscious and seriously injuring her skull. He again was charged criminally, tried and found not guilty by reason of mental disease or defect. He was committed to the Gowanda Psychiatric Center. Thereafter, respondent was retained in various facilities until 1999, when he was placed in the intensive treatment unit in Binghamton where he presently resides.

In December 2002, petitioner applied for yet another two-year retention order. At the ensuing hearing, petitioner presented four expert witnesses (three psychiatrists and a psychologist), all of whom were of the opinion that respondent poses a risk of danger to the community and should not be released. Respondent offered no contradictory evidence save his own testimony. Following the hearing, County Court found that petitioner had failed to prove that respondent posed a genuine risk of danger to the community and ordered respondent's release upon an order of conditions. We then granted petitioner permission to appeal.

We now reverse. It is undisputed that respondent is mentally ill and, thus, the only issue before us is whether petitioner has demonstrated that respondent poses a risk of danger to himself or the community (*see Matter of David B. [Commissioner of N.Y. State Off. of Mental Health]*, 97 NY2d 267, 276 [2002]). While we are mindful that County Court is "in the best position to observe the individual's behavior as well as evaluate the weight and credibility of the . . . conflicting testimony of the . . . psychiatric experts" (*Matter of George L.*, 85 NY2d 295, 305 [1995]), there is no such conflicting testimony here. None of the experts equivocated on cross-examination, and their respective opinions are supported by a fair interpretation of the evidence (*see e.g. Prescott v LeBlanc*, 247 AD2d 802, 803 [1998]). Accordingly, there was no basis for County Court to disregard the experts' opinions.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and application granted.