■ In the Matter of ROBERT OO. PATRICIA A. McDONNELL, as Director of Broome Developmental Center, Appellant; ROBERT OO., Respondent. [869 NYS2d 700]—

Cardona, P.J.

Respondent, a mildly mentally retarded individual diagnosed with pedophilia, was arrested in June 2000 and charged with sexual abuse in the first degree for inappropriately touching a seven-year-old child. He was initially found not competent to stand trial and was placed in the custody of the Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD). After he was deemed competent to proceed, he pleaded guilty to sexual abuse in the second degree, was sentenced to a period of incarceration and classified as a risk level two sex offender (*see* Correction Law art 6-C). In September 2001, after being imprisoned for approximately six months, respondent was civilly committed, pursuant to Mental Hygiene Law article 15, to an OMRDD inpatient facility and has continued to be retained involuntarily pursuant to succeeding retention orders. Respondent is currently a resident at Broome Developmental Center (hereinafter BDC) and, prior to the expiration of his most recent commitment order, petitioner filed the instant application in July 2008 seeking retention for an additional two years. Following a hearing, County Court dismissed the application, prompting this appeal.

In order to retain a developmentally delayed individual such as respondent, petitioner has the burden of establishing, by clear and convincing evidence, that respondent " 'is in need of in-patient care and treatment, such care and treatment is essential to [his] welfare, and [respondent's] judgment is so impaired that he . . . is unable to understand the need for care and treatment' " (*Matter of Daniel XX.*, 53 AD3d 819, 820 [2008], quoting *Matter of Sidney JJ.*, 30 AD3d 959, 960 [2006]; *see* Mental Hygiene Law §§ 15.01, 15.27). Furthermore, petitioner must prove that respondent " 'poses a substantial threat of physical harm to [him]self or others' " (*Matter of Daniel XX.*, 53 AD3d at 820, quoting *Matter of Sidney JJ.*, 30 AD3d at 960; *see Matter of Scopes*, 59 AD2d 203, 205 [1977]).

Here, in support of the application, petitioner presented the testimony of Ivan Fras, the psychiatrist who evaluated respondent for BDC in June 2008 and who opined that respondent was in need of continued inpatient care because, among other

things, he posed a substantial risk of danger to himself or others if released. Fras stated that respondent had an Axis 1 diagnosis of pedophilia which, despite "small incremental improvements . . . because of the treatment and the guidance [respondent] receives at [BDC]," had resulted in occasional transgressions even "under the strictest supervision." For example, Fras testified that respondent's treatment seeks to teach him not to look at children, however, his record detailed several incidents involving, among other things, looking at pictures of children, watching movies featuring children, and looking at children when out in public until prompted to look away by BDC staff. Additionally, Fras indicated that respondent did not appear to accept responsibility for his prior sexual offenses or transgressions but, rather, attributed fault to BDC for "allowing" him to view children or images of children. According to Fras, this suggested that respondent's "control is not very good and that he relies very much on others [to keep him from] view[ing] children or any pictures or other materials about children."

In response, respondent presented the testimony of Susan Kermidas, a licensed social worker employed by BDC. Although Kermidas testified that respondent's treatment team discussed considering respondent for referral to a less restrictive setting at Glenwood House, she acknowledged that, at the time of the hearing, no final determination had been made as to whether respondent was appropriate for that placement. Notably, she testified that, if such a referral occurred, it would be prudent for such a referral to be "with staff supervision around the clock."

County Court determined that petitioner failed to meet her burden by clear and convincing evidence. We cannot agree. Not only was Fras's testimony and report sufficient to meet that burden, even Kermidas acknowledged that, regardless of the progress respondent has made, he still requires constant supervision. Accordingly, we conclude that the petition was improperly dismissed.

The remaining issues raised by the parties have been examined and found to be unpersuasive.

Carpinello, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is reversed, on the facts, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.