Garry, J.
Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered December 12, 2011, which, in a proceeding pursuant to Social Services Law § 383-c, denied a motion by the attorney for the child to modify the terms of a written judicial instrument of surrender of parental rights.
In 2009, respondent executed a judicial surrender of her child to petitioner for adoption by the maternal grandmother, subject to specified conditions of visitation and contact. The conditional surrender was approved by Family Court (Sgueglia, J.), and respondent’s parental rights were terminated. Respondent was subsequently found to have harassed the grandmother (Connerton, J.), and the family offense proceeding was transferred for disposition to the judge before whom the adoption was then pending (Charnetsky, J). In April 2011, upon respondent’s default, a two-year no-contact order of protection was granted in favor of the grandmother. In August 2011, the attorney for *1305 the child moved for “modification” of the judicial surrender, arguing that, based upon the order of protection, the terms of the judicial surrender were no longer in the child’s best interests. Respondent’s counsel submitted an affidavit in opposition asserting that the attorney for the child was not acting upon the child’s wishes but, rather, upon the grandmother’s behalf. The attorney for the child sought an award of sanctions against respondent’s counsel, and the two attorneys engaged in a series of contentious correspondence. In December 2011, Family Court denied the modification petition as premature, and reprimanded counsel for respondent, but declined to render a monetary award or other sanction. The attorney for the child appeals.
Initially, we do not find that Family Court abused its discretion by declining to impose financial sanctions while reprimanding respondent’s counsel for his unacceptable conduct (see 22 NYCRR 130-1.1; Dickson v Slezak, 73 AD3d 1249, 1251 [2010]). As to the substantive issue, prior to the finalization of an adoption, where there is a substantial failure of a material condition of a surrender executed pursuant to Social Services Law § 383-c, Family Court may rehear the matter sua sponte, or upon petition by the agency, parent or attorney for the child {see Family Ct Act § 1055-a [a]). Assuming that the underlying application could thus have proceeded,* it appears that the adoption here was finalized during the pendency of this appeal. Therefore, the parties’ rights will not be directly affected by our determination on this issue and it is therefore moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of Ameillia RR. [Megan SS.], 95 AD3d 1525, 1526 [2012]). Nor does the exception to the mootness doctrine apply; while the issues may recur and are substantial, they are not likely to evade review, as they could be preserved—where necessary and appropriate—by a stay of the adoption proceeding (see Matter of Patrick BB., 267 AD2d 853, 853-854 [1999]; see also Family Ct Act § 1114).
Peters, EJ., Stein and Spain, JJ., concur.
Ordered that the order is affirmed, without costs.

 Although we do not reach this issue, the application here was arguably untimely, as such a petition by an attorney for the child is to be filed within 60 days following notification of the failure (see Family Ct Act § 1055-a [a]).