*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    December 3, 2015                520485
_____

MENTAL HYGIENE LEGAL SERVICE,
    on Behalf of WILLIAM T.,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

KERRY A. DELANEY, as Acting
    Commissioner of the Office
    for People with
    Developmental Disabilities,
    et al.,
                    Respondents.
_____

Calendar Date:    October 16, 2015

Before:   McCarthy, J.P., Rose, Lynch and Devine, JJ.

_____

        Sheila E. Shea, Mental Hygiene Legal Service, Albany
(Shannon Stockwell of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Zainab A.
Chaudhry of counsel), for respondents.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Ellis, J.),
entered November 14, 2014 in Franklin County, which, among other
things, granted defendants' cross motion for summary judgment
dismissing the complaint.

        William T., a convicted sex offender on probation and with
a long history of mental illness, resided in facilities operated
by the Office for People with Developmental Disabilities
(hereinafter OPWDD).  After his probation expired, the Acting

Director of the OPWDD facility where William T. was then a resident applied to retain him involuntarily pursuant to Mental Hygiene Law § 15.13 (b).  Supreme Court (Feldstein, J.) dismissed the application and ordered that William T. be released.  The Acting Director immediately appealed and, relying upon the automatic stay provision of CPLR 5519 (a) (1), refused to allow William T. to leave the facility.  William T. then cross-appealed and, on his behalf, plaintiff commenced this separate declaratory judgment action challenging the application of the automatic stay.  When plaintiff moved for summary judgment and permanent injunctive relief, defendants cross-moved for summary judgment dismissing the complaint.  Supreme Court (Ellis, J.) granted defendants' cross motion, prompting this appeal by plaintiff.

The appeal is moot and must be dismissed.  During the pendency of this appeal, we heard and decided the cross appeals of the underlying order in the retention proceeding (Matter of William T., 126 AD3d 1108 [2015], lv denied 25 NY3d 912 [2015]).  There, based upon our conclusion that the Acting Director proved by clear and convincing evidence that William T.'s continued involuntary retention at the OPWDD facility was required, we reversed the order of Supreme Court (Feldstein, J.) releasing William T. (id. at 1110).  Since then, William T. has been involuntarily retained at the facility by the authority of our decision and not by virtue of the automatic stay at issue here.  Thus, any attempt at this time to determine the propriety of the automatic stay on the merits would have no direct impact on the rights of the parties (see Coleman v Daines, 19 NY3d 1087, 1090 [2012]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of Tompkins County [Tompkins County Deputy Sheriffs' Assn., Inc.], 126 AD3d 1156, 1157 [2015]).

Nor does the exception to the mootness doctrine apply.  While the central issue in this case — i.e., the applicability of the automatic stay provision of CPLR 5519 (a) (1) to appeals by the state in retention proceedings — might be likely to recur and substantial in nature, it is not likely to evade judicial review (see Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715; cf. Matter of Bryant v Board of Educ., Chenango Forks Cent. Sch. Dist., 107 AD3d 1170, 1171 [2013]; Matter of Patrick BB., 267 AD2d 853, 854 [1999]; but see Matter of Nile W., 64 AD3d 717, 719

[2009]).  Indeed, if the state appeals the denial of any future retention application, William T. may move this Court to vacate, limit or modify the automatic stay (see CPLR 5519 [c]).  We note that such a motion could have been — but was not — made in the earlier appeal from the underlying order (see generally Matter of William T., 126 AD3d at 1108-1109).

McCarthy, J.P., Lynch and Devine, JJ., concur.


ORDERED that the appeal is dismissed, as moot, without costs.


ENTER:


Robert D. Mayberger
Clerk of the Court