*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                    523490
_____

In the Matter of HOWARD U.

WILLIAM DICKSON, as Director
    of the Capital District
    Psychiatric Center,                    MEMORANDUM AND ORDER
                    Respondent;

HOWARD U.,
                    Appellant.
_____

Calendar Date:  February 14, 2017

Before:  Garry, J.P., Egan Jr., Rose, Devine and Aarons, JJ.

_____

        Sheila E. Shea, Mental Hygiene Legal Service, Albany (Brent
Stack of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Joseph M.
Spadola of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Weinstein, J.),
entered September 23, 2015 in Albany County, which granted
petitioner's application, in a proceeding pursuant to Mental
Hygiene Law article 9, for the involuntary retention of
respondent.

        Respondent was admitted to a psychiatric facility in the
wake of a suicide attempt while imprisoned in 1997.  He
eventually found himself at the Capital District Psychiatric
Center (hereinafter CDPC) and, since 1998, has received
"involuntary care and treatment" there (Mental Hygiene Law § 9.27

[a]).  The term of respondent's involuntary treatment has been periodically extended by court order (see Mental Hygiene Law § 9.33; People ex rel. DeLia v Munsey, 26 NY3d 124, 127 [2015]) and, in September 2015, petitioner filed this application to involuntarily retain respondent for an additional 18 months. Respondent demanded a hearing on the application pursuant to Mental Hygiene Law § 9.33.  Following that hearing, at which respondent's clinical record was stipulated into evidence, Supreme Court granted petitioner's application and authorized the continued retention of respondent "for a period not to exceed [18] months from September 1, 2015."  Respondent now appeals.

We affirm.  "For a hospital to retain a patient for involuntary psychiatric care, it must establish, by clear and convincing evidence, that the patient is mentally ill and in need of continued care and treatment, and that the patient poses a substantial threat of physical harm to himself or herself or to others" (Matter of Francine T., 302 AD2d 533, 533 [2003] [citations omitted]; see Matter of Tarrence A. [Mid-Hudson Forensic Psychiatric Ctr.], 132 AD3d 985, 985 [2015], lv dismissed 26 NY3d 1120 [2016]).  There is little debate that respondent, who has been diagnosed with pedophilia and antisocial personality disorder, is mentally ill and requires psychiatric treatment.  The question before us, rather, is whether petitioner established that respondent poses a substantial threat of harm to himself or others so as to require inpatient psychiatric care.

Petitioner presented psychiatrist Gregory Stepanets as its sole witness at the retention hearing and buttressed that testimony with respondent's medical records.  Stepanets was not the regular attending psychiatrist on respondent's unit, but was familiar with respondent's case through review of his clinical record and discussions with individuals involved in his treatment as well as respondent himself.  Stepanets noted respondent's history of inappropriate sexual interest in young males and instances where, despite his age and medical limitations, respondent had recently acted upon that interest.  The instances cited included one in which a patient had obtained an order of protection against respondent after respondent subjected him to unwanted physical contact and harassed him, as well as occasions where respondent had tried to evade staff supervision and engage

in "grooming-like behavior" with patients whom he found attractive. Stepanets accordingly opined that respondent still posed a substantial risk of harm to individuals in the community, "especially to the most vulnerable people, to . . . young children" (see e.g. Matter of Robert OO., 57 AD3d 1304, 1305-1306 [2008]).

It is true that respondent has engaged in therapy and taken medication to address his problematic behavior, the aim of which was his eventual reentry into the community. Stepanets testified that respondent's "enrollment in his treatment [was] extremely superficial," however, with respondent refusing to attend individual or group therapy sessions unless he "get[s] something in return" and attempting to avoid taking his prescribed medication so that he could give it to another patient whom he was grooming. Respondent has further refused to discuss these issues with staff members, "continues to struggle with anger, agitation and aggression," and has been unable to move up to "higher level" programs that he needs. Stepanets made clear, in other words, that respondent is not now and has never been "involved in his treatment" to any significant degree. Accordingly, regardless of the effectiveness of the treatment at CDPC, there is no reason to expect that respondent would do any better were he released from CDPC into a less restrictive milieu (see Matter of Mental Hygiene Legal Servs. v Wack, 75 NY2d 751, 753 [1989]; Matter of Mental Hygiene Legal Servs. ex rel. James U. v Rhodes, 195 AD2d 160, 162 [1994]). Stepanets opined, in fact, that the only treatment option available that could serve the interests of respondent and the community was retention for involuntary treatment. In light of the foregoing, we agree with Supreme Court that petitioner provided clear and convincing evidence to justify respondent's continued involuntary retention at CDPC (see e.g. Matter of Robert OO., 57 AD3d at 1305-1306; Matter of Daniel XX., 53 AD3d 819, 821-822 [2008]).

Garry, J.P., Egan Jr., Rose and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court